BARBARA J. VALLIERE (DCBN 439353)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
ADAM A. REEVES (NYBN 2363877)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Robert.Rees@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-00139 SI |
| Plaintiff, | OPPOSITION TO DEFENDANT CUTTING'S MOTION TO DISMISS SUPERSEDING INDICTMENT |
| v. | |
| SEAN CLARK CUTTING, et al., | Hearing Date: December 20, 2016 |
| Defendants. | Time: 11:00AM |
| | Court: Hon. Susan Illston |

**Introduction**

The United States hereby responds to the defendants' Motion to Dismiss [the] Superseding Indictment dated November 22, 2016 (Document 271)(hereafter, the "Defendants' Submission"). The defendants contend the government's alleged "delay" in bringing the recently-filed Superseding Indictment violated their Sixth Amendment right to a speedy trial and requires that the Superseding Indictment be dismissed. Defendant's Submission at 9. Remarkably, in the principal case cited by the defendants in support of their motion, *United States v. Gregory*, the Ninth Circuit *reversed* the district court for granting the very relief the defendants now seek. *United States v. Gregory*, 322 F.3d 1157, 1166 (9th Cir. 2003)("Gregory is not entitled to dismissal of the indictment on Sixth Amendment

grounds because he has not shown prejudice attributable to the delay.")("*Gregory*").  Respectfully, the government submits that this Court should follow *Gregory* and deny this motion to dismiss.

**Factual Background**

On March 18, 2014, the defendants were variously charged in a twenty-nine (29) count Indictment charging conspiracy, bank fraud, wire fraud, money laundering, false bank entries and obstruction.  Document 1.  As a general matter, the original indictment centered on allegations that the defendants schemed with Bijan Madjlessi, a real estate developer who died in 2014, to secure ownership of the Park Lane Villas real estate project in or about March 2009 using an entity known as 101 Houseco.  December 6, 2016 Declaration of AUSA Robert David Rees ("Rees Dec.") at ¶ 4.

On January 27, 2016, the Court, in response to defense motions attacking the language of the Indictment, struck certain allegations but invited the government to cure those issues in a superseding indictment.  Rees Dec. at ¶ 9.  On May 17, 2016, the Court set the case for trial on March 20, 2017, nearly a year later.  Rees Dec. at ¶ 9.  By May 17, 2016, the government had produced a total of approximately 3,054,411 pages of material.  Rees Dec. at ¶ 5.  On August 5, 2016, the Court set a deadline of October 28, 2016 for the government to file a superseding indictment.  Rees Dec. at ¶ 9.

On October 27, 2016, the day before it was ordered to do so, the government filed a thirty-three (33) count Superseding Indictment curing aspects of the original allegations and adding four (4) counts. Document 249.  As a general matter, the Superseding Indictment added charges of misapplication of bank funds and false statement to examiners to the charges alleged in the original indictment.  *Compare* Document 1 and Document 249.  It also added allegations about Petaluma Greenbriar, a second real estate project in or about December 2007 allegedly involving Madjlessi.  *See e.g.* Document 249 at ¶¶ 24-26.  In 2012, in the parallel FDIC enforcement action, defendant Cutting litigated the same factual allegations relating to Petaluma Greenbriar that support the second real estate transaction charged in the Superseding Indictment.  Rees Dec. at ¶ 3 and Ex. B.  By December 1, 2016, the government produced approximately 344,422 pages of material in additional discovery to the defendants, an incremental increase of only approximately 10.6%.  Rees Dec. at ¶ 6.

On November 22, 2016, the defendants made this motion to dismiss the Superseding Indictment for alleged "delay" by the government.  Document 271.  Among its other flaws, the Defendants'

OPP CUTTING MOT. TO DISMISS SUPERSEDING INDICTMENT
CR 14-00139 SI                                              2

Submission underplays the fact that (1) they have known about the need for a superseding indictment for nine (9) months (from January to October 2016); (2) they knew that two months ago the Court ordered, at their request, a superseding indictment to be filed (August to October 2016); and (3) at the time they filed their motion, the defendants still had four months (late November 2016 to late March 2017) to prepare for trial.

These facts do not support a claim of "delay" by the government. The new charges for violations of 18 U.S.C. § 656 (Misapplication of Bank Funds) and 18 U.S.C. § 1007 (False Statements to the FDIC) are within the applicable ten (10) statute of limitations. *See* 18 U.S.C. § 3293. The factual allegations of possible fraud relating to Petaluma Greenbriar are not new or unknown to the defendants. Rees Dec. at ¶ 3 and Ex. B. The defendants knew for nearly a year the government would supersede the original indictment. They cannot claim surprise when the government did so on the very day ordered by the Court. It is commonplace for additional charges to be added once a case is set for trial. Rees Dec. at ¶ 9. Finally, and perhaps most important, the defendants will have nearly four months to prepare for trial on the four new charges in the Superseding Indictment, which explains why the defendants have not requested a continuance of the trial date.

This record does not support the extreme relief the defendants seek. As described below, courts that have considered a motion with facts remotely like these have regularly denied the very relief the defendants demand or been reversed after appellate review. The government respectfully requests that this Court deny this motion for the same reasons.

**Discussion**

**I.     The Defendants' Sixth Amendment Right to a Speedy Trial Was Not Violated**

**A.     The Four *Barker* Factors**

In *Wingo v. Barker*, the Supreme Court identified a four-factored "balancing test" that should be applied to claims that a defendant's Sixth Amendment right to a speedy trial has been violated. *Wingo v. Barker*, 407 U.S. 514, 530 (1972)(denying a *habeas corpus* petition brought by a defendant convicted of murder in Kentucky for an alleged violation of his right to a speedy trial after a five-year delay)("*Barker*"). The factors are "[l]ength of delay, the reason for the delay, the defendant's assertion

of his right, and prejudice to the defendant." *Id.*[1]

In 2003, in *Gregory*, the Ninth Circuit applied the factors in *Barker* in the context of a third superseding indictment filed approximately fifteen (15) months after the original indictment filed. *Gregory*, 322 F.3d at 1160. In *Gregory*, the defendant was charged with drug offenses, convicted, sentenced and completed his prison term when the government filed a third superseding indictment charging him with money laundering. *Id.* at 1159. The district court dismissed the third superseding indictment because the pre-indictment delay allegedly violated the Due Process Claus of the Fifth Amendment violating and the defendant's Sixth Amendment right to a speedy trial. *Id*. The government then appealed. *Id*. In its decision reversing the district court, the Ninth Circuit explained that:

> We evaluate the merits of Gregory's claimed violation of the Sixth Amendment speedy trial right by applying a balancing test involving four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant.

*Id.* at 1161.

### B.    First Factor: Length of the Delay

On the first factor, the Court in *Gregory* found the twenty-two (22) month delay between the time of the original indictment and the time of the trial on the third superseding indictment to be "presumptively prejudicial" because it exceeded one year. *Id*. at 1161-1162. The government agrees that, in this case, the passage of approximately thirty-one (31) months between the original Indictment and the Superseding Indictment meets this threshold but that is the only *Barker* factor met in this case.

Significantly, the Supreme Court in *Barker* suggested that courts should be more forbearing of

---

[1] The cases cited by the defendants that find a violation of a defendant's speedy trial right bear little factual resemblance to the facts of this case. *Doggett v. United States*, 505 U.S. 645 (1992)(reversing defendant's drug conviction because a delay of eight and a half years between arrest and indictment violated his Sixth Amendment right to a speedy trial where the defendant fled to Panama after his arrest, but then returned to and lived in the United States for years, during which time the government failed to locate him); *McNeely v. Blanas*, 336 F.3d 822, 824-826 (9th Cir. 2003)(reversing district court dismissal of a *habeas corpus* petition and finding speedy trial violation where the defendant was arrested and charged with sex crimes and detained without a preliminary hearing or a trial for five (5) years); and *United States v. Shell*, 974 F.2d 1035, 1036 (9th Cir. 1992)(affirming dismissal of indictment for violation of defendant's right to a speedy trial where "the government lost Shell's file in 1984, and did not resume its search for it until late in 1989.")

delays in "a serious, complex conspiracy" case, like this one, than in "an ordinary street crime" case, like the murder in *Barker*. *Barker*, 407 U.S. at 531 ("[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."); *United States v. Simmons*, 536 F.2d 827, 830-831 (9th Cir. 1976)("The length of delay that will necessitate such an inquiry [regarding speedy trial rights] is dependent on the facts of each case.")(holding the district court abused its discretion in dismissing the indictment where the trial was delayed approximately six months). Indeed, the applicable statute of limitations for most of the charges in the Superseding Indictment is ten (10) years. *See* 18 U.S.C. § 3293. The Court may reasonably infer that the very nature of the offenses alleged in the Superseding Indictment require additional time to investigate and prosecute beyond the normal five (5) year statute of limitations for most other crimes.

### C. Second Factor: Reason for the Delay

On the second factor, the reason for the delay, the Ninth Circuit in *Gregory* did not analyze or disturb the district court's finding of "negligence" by the government. *Id*. at 1162. No such finding would be appropriate in this case: the need for the superseding indictment was raised nearly a year ago; the Court ordered the government to file any superseding indictment nearly four months ago; and the government complied with the Court's order. Faced with the court-ordered need to cure allegations in the indictment, the government chose to add another Madjlessi real estate transaction and four more counts to the twenty-nine (29) existing counts. That is commonplace for a case going to trial in four months and hardly a "radical" expansion of the original indictment "on the eve of trial" as the defendants claim. Defendants' Submission at 8.

Respectfully, the government has been compliant – not negligent – in the manner in which it brought the Superseding Indictment. At a minimum, the orderly manner in which the need for a superseding indictment arose and the government's compliance with the Court's order about when to file a superseding indictment should preclude any finding of negligence or bad faith. That point is underscored by the fact that, for over eight months, this case has been, and is now, on track to be tried on the date set by the Court and the defendants do not seem to want or need additional time to prepare.

### D. Third Factor: Assertion of Speedy Trial Rights

Even the Ninth Circuit acknowledged that the third *Gregory* factor – the defendant's assertion of

OPP CUTTING MOT. TO DISMISS SUPERSEDING INDICTMENT
CR 14-00139 SI                                                    5

1  his speedy trial right – is something of a nullity that "weighs neither for nor against [the defendant]." *Id*.
2  at 1162.  The same is true here.  But it bears mentioning that, in this case, the defendants have routinely
3  waived their speedy trial rights and time remains on the speedy trial clock.  Rees Dec. at ¶ 7.

### E. Four Factor: Actual Prejudice Associated with the Delay

The "critical" factor in *Gregory* – the one that should also control here – is the fourth factor, whether the defendant has shown "actual prejudice associated *with the delay*." *Id*. at 1163 (emphasis added).  The Ninth Circuit stressed that "[t]he prejudice with which we are concerned is prejudice caused by the delay." *Id*.  "If witnesses die or disappear during the delay, the prejudice is obvious." *Barker*, 407 U.S. at 532.  Even negligence by the government that causes speedy trial delays as long as twenty (20) months is not sufficient to excuse a defendant from his burden to show actual prejudice. *United States v. Beamon*, 992 F.2d 1009,1015 (9th Cir. 1993)(affirming drug conviction and rejecting speedy trial violation where government's failure to search for defendants caused delays of 17 and 20 months but where defendants' only claim of prejudice was they lost out on "the possibility of a better plea bargain").

The defendant complains that he has been prejudiced by the production of additional documents and his alleged need to "build a new defense."  Defendant's Submission at 12.  Yet this issue, such as it is, would arise regardless of when the case was charged; it is the type of claimed prejudice rejected by the Ninth Circuit in *Gregory* precisely because it is not prejudice from the delay.  *Id*. at 1163 (rejecting defendant's claim that admissions arising from his plea prejudiced his ability to defend against new charges because the prejudice did not arise from the delay); *see also United States v. Turner*, 926 F.2d 883 (9th Cir. 1991)(affirming drug conviction and rejecting claim of speedy trial violation where a superseding indictment was filed four months after the original indictment and the defendant's claimed prejudice was the possible "imposition of a longer sentence").

The defendants also assert that they have been prejudiced because witnesses' memories "have likely dimmed over the last decade."  Defendant's Submission at 11.  This is an important consideration that should be weighed by the Court.  *Doggett*, 505 U.S. at 654 (delay produces harms that include the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence); *United States v. Valentine*, 783 F.2d 1413, 1418 (9th Cir. 1986)(affirming firearms conviction

and rejecting claim of speedy trial violation where defendant was allegedly not informed of the indictment for five (5) months)("finally, we note that some destruction of evidence or erosion of testimony is inevitable over a six month period.  Valentine, however, has failed to demonstrate that his ability to defend himself against the charges brought against him was impaired in any significant manner.").

Claims about diminished witness memories would resonate more if the defendants had not agreed in May 2016 to a trial still four months in future in March 2017.  An argument can be made that the defendants sought a trial ten (10) months in the future to achieve their own delay.  Even if that is not the case, there is nothing about the delay between filing of the original indictment and the filing of the Superseding Indictment that further compounds witness memory issues when the trial is set to begin four months from now on the date to which the defendants agreed.  Like many cases, witness memory may be an issue at trial, but that issue is inherent in the schedule the defendants sought, and not any actual prejudice *owing to the delay* between the original indictment and the Superseding Indictment.  *Gregory*, 322 F.3d at 1163 (original emphasis).

Finally, it is worth dwelling on the ways this case – involving the failure of a federally insured bank – differs from the majority of the cases adjudicating claims of alleged speedy trial violations.  The very thing about which the defendants complain – incrementally more document discovery – diminishes their ability to claim prejudice.  For better or worse, Sonoma Valley Bank kept a lot of records and, when it failed, those records passed to the FDIC.  While the difficulties of synthesizing that amount of documentary evidence should not be discounted, the preservation and access to so much bank record evidence undercuts the defendants' claims that they have been meaningfully prejudiced by any delay owing to the filing of the Superseding Indictment.

**II.  The Defendants Have Failed to Show a Need for a Bill of Particulars**

Alternatively, if their motion to dismiss is denied, the defendants have asked the Court to "mitigate the harm caused by [the] delay" and grant a bill of particulars.  Defendants' Submission at 13.  "Mitigating harm" is not a valid purpose for a bill of particulars.  The unusual formulation of the defendants' argument betrays their true purpose, a desire for early specification of trial evidence.  Again, this is not the purpose of a bill of particulars and the defendants' request should be denied.

OPP CUTTING MOT. TO DISMISS SUPERSEDING INDICTMENT
CR 14-00139 SI                                                    7

The Ninth Circuit has long held that the purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense, and enable her to prepare an intelligent defense. *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963); *see also United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)(purpose of bill of particulars is to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes).  A bill of particulars is unnecessary if the indictment is otherwise adequate and there has been full discovery.  *Id.*; *see also United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983)(full disclosure will obviate the need for a bill of particulars).  And, an indictment is adequate if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend.  *Hamling*, 418 U.S. at 117.

The Superseding Indictment is quite detailed.  So much so, it already answers the questions the defendants say justify a bill of particulars.  First, the defendants say they need additional details about "the particular loans involved or affected by [the defendant's] alleged acts or omissions" (Defendants' Submission at 15); the Superseding Indictment already specifies that the loans at issue are Sonoma Valley Bank loans relating to Bijan Madjlessi, Petaluma Greenbriar, Park Lane Villas and 101 Houseco (*see e.g.* Superseding Indictment at ¶¶ 18, 19 and 28).  Second, the defendants say they need additional details about "the information [the defendants] allegedly withheld or misrepresented" (Defendants' Submission at 15); the Superseding Indictment already specifies that "the defendants … conceal[ed] Madjlessi's interest and involvement in these loans … [and] disguise[d] the fact that Madjlessi was the true beneficiary of the loans and controlled the entities and persons to which the loans were made" (*see e.g.* Superseding Indictment at ¶ 19).  And third, the defendants say they need to know "to whom [the defendants] purportedly made these misrepresentations" (Defendants' Submission at 15); the Superseding Indictment already specifies that the defendants deceived "Sonoma Valley Bank, the Bank's Board of Directors, the Bank's regulators and bank examiners at FDIC and DFI" (*see e.g.* Superseding Indictment at ¶ 20).

1    The remainder of the defendants' arguments relating to a bill of particulars (Defendants' Submission at 15-20) are a naked request for evidence, not particulars. A defendant is not entitled to know all the evidence the government intends to produce at trial, but only the theory of the government's case. *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986); *Yeargain*, 314 F.2d at 882; *see also Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960)(Rule 7(f) should not be invoked to force [the] Government to spread its entire case before the accused)(citation omitted). "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981)(citation omitted). The denial of a motion for a bill of particulars is reviewed for an abuse of discretion. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991); *United States v. Calabrese*, 825 F.2d 1342, 1347 (9th Cir. 1987). The scope and specificity of a bill of particulars rest within the sound discretion of the trial court. *Long*, 706 F.2d at 1054.

"It is well established that generalized discovery is not a permissible goal of a bill of particulars." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). A defendant is not entitled to a detailed exposition of all of the evidence that the United States intends to marshal at trial, but only the theory of the government's case. *Ryland*, 806 F.2d at 942; *see also id.* (defendant is not entitled to know the content of the testimony of each of the government witnesses before trial); *Cerna*, 2010 WL 3198927, at *3 (defendants are not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case)(quoting *Ryland*). A bill of particulars is not an investigative tool for the defense, nor a tool to obtain detailed disclosure of the government's evidence prior to trial. *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)(quotation omitted).

The allegations contained in the Superseding Indictment are detailed, clear and more than sufficient to adequately describe the offenses and enable the defendants to prepare intelligent defenses. Further particulars are unnecessary and should be denied.

//
//
//
//

**Conclusion**

For the foregoing reasons, the defendant's motion to dismiss the Superseding Indictment should be denied and the case should proceed to trial on March 17, 2017 as ordered by the Court.

Dated:  December 6, 2016                    Respectfully submitted,

BARBARA J. VALLIERE
Acting United States Attorney

/s
_____

ROBERT DAVID REES
ADAM A. REEVES
Assistant United States Attorneys